LODGED

2007 OCT -2 PM 3: 27

LEE / U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED

OCT 1 0 2007

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ALBERT HERSHEY, an individual, and DOOR CONSULTANTS SOFTWARE LLC, a Delaware limited liability company dba RDHS 101,<br><br>          Plaintiffs,<br><br>   v.<br><br>RANDALL J. BERKELEY, an individual; OMNI LOGIX, a California corporation; and DOES 1-20, inclusive,<br><br>          Defendants. | CASE NO.: ED CV 07-000689 VAP (JCRx)<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] ORDER GRANTING LIMITED EXPEDITED DISCOVERY** |

DOCKETED ON CM

The motion of plaintiffs ALBERT HERSHEY, an individual, and DOOR

CONSULTANTS SOFTWARE LLC, a Delaware limited liability company dba

RDHS 101, for an order permitting expedited discovery in the form of a request for

production and, third party deposition, and deposition of defendant Randall J.

Berkeley, came on regularly for hearing on September 5, 2007, at 9:30 am, in

Courtroom 4 of the above-entitled court, before Magistrate Judge John C. Rayburn

with Douglas W. Lytle, Esq. of Duckor Spradling Metzger & Wynne appearing on

behalf of plaintiffs, and James T. Bentson, Esq. of the Law Offices of James T.

1  Bentson appearing on behalf of defendants RANDALL J. BERKELEY and OMNI

2  LOGIX, a California corporation;

3      At the hearing on September 5, 2007, Magistrate John C. Rayburn Jr.

4  directed the parties to meet and confer concerning a protective order, the scope of

5  expedited discovery, and issues of procedures to follow for preservation of

6  electronic data[1], and production of electronic data, and ordered that the parties

7  either submit a joint proposed Order by September 18, 2007, or submit competing

8  Orders for the court's use in fashioning its own Order;

9      At a follow up hearing on September 26, 2007, Magistrate John C. Rayburn

10 Jr. directed the parties to meet and confer concerning the language of the protective

11 order and expedited discovery, and jointly submit stipulated orders, or file separate

12 position papers by October 2, 2007;

13     After reviewing all moving and opposing papers and declarations, and having

14 considered the parties arguments, and after reviewing the parties' proposed Orders;

15 good cause having been shown for expedited discovery in accordance with Ninth

16 Circuit law, as expressed in Semitool, Inc. v. Tokyo Electron America, Inc., 208

17 F.R.D. 273, 275 (N.D.Cal. 2002), and Yokohama Tire Corp. v. Dealers Tire

18 Supply, Inc., 202 F.R.D. 612, 614 (D.Ariz.2001), in this case alleging copyright

19 infringement and related business torts claims for which a preliminary injunction

20 motion will be sought;

21 **IT IS HEREBY ORDERED THAT:**

22     1.    **Protective Order.**

23     The proposed Protective Order relating to confidentiality of materials

24 produced during discovery submitted by plaintiffs shall apply to this case, and shall

25 be subject to any modifications by the court.

26

27

28

---

[1] Sometimes referred to as ESI ("electronically stored information") - data contained on electronic media such as computer hard drives, personal data assistants, cell phones and removable media including backup tapes, USB flash drives, CDs and DVDs and floppy diskettes.

2.    **Order to Preserve Electronic Data Pending Imaging.**

Until such time as forensic copies or images are made of the parties' electronic media and data in accordance with the provisions of this stipulation and order, or until further order of this court, neither plaintiffs, nor defendants, nor any agents of plaintiffs or defendants shall alter, erase, destroy or otherwise compromise their electronic data storage devices or electronic data stored thereon, and plaintiffs and defendants shall locate and preserve the integrity of all electronic storage devices and electronic data potentially containing material relevant to the claims or defenses in this case.

3.    **Electronic Data Imaging – General Protocols.**

In the interest of safeguarding electronic data from being written over, destroyed, or lost, the procedure governing requests for copying and production of electronic data from electronic storage devices is divided into two categories: (A) *Preservation*, and (B) *Production*. Since the parties request forensic imaging from each other, the following general protocols for Preservation and Production are established. A copy of this Order containing such Preservation and Production protocols, and a copy of the stipulated Protective Order shall be provided to each Forensic Examiner[2], who shall agree to abide by such Orders and protocols as a condition of performing the work.

(A)    **General Protocol for *Preservation* of Electronic Data.** The following general protocol applies to *preservation* of electronic data through forensic imaging:

(1)    The Forensic Examiner shall be trained in and conduct the preservation using currently accepted forensic best practices for data preservation.

(2)    At the time of imaging, the party whose electronic data is being imaged shall provide the Forensic Examiner with a list of original media to

---

[2] Forensic Examiner is used to designate the forensic computer consultant hired by one party to make images of electronic data (aka ESI) stored on the other party's electronic storage devices.

1    be preserved and shall serve a copy of the list on opposing counsel.

2              (3)    The party whose electronic data is being imaged shall be

3    entitled to observe the forensic imaging conducted by the Forensic Examiner.

4    "Party" for this purpose is inclusive of the actual party, its attorney, and any

5    forensic computer consultant that party has retained.  The party whose electronic

6    data is being imaged shall also have the right to have its own forensic computer

7    consultant first make a "Safety copy" of all electronic media before the Forensic

8    Examiner makes the "Master" copies.  However, such "Safety copy" shall be made

9    in the presence of the Forensic Examiner, and the consultant creating the "Safety

10   copy" shall have the training and follow the procedures set forth in paragraphs 1, 4,

11   5, 6, 7, 8 and 9 of this General Protocol For Preservation of Electronic Data.

12             (4)    The Forensic Examiner shall use an appropriate write-

13   blocking methodology or other agreed upon equivalent during the imaging process

14   to protect all original media to be preserved from alteration.

15             (5)    The Forensic Examiner shall make forensic images of all

16   original media using software created specifically for this purpose.

17             (6)    The Forensic Examiner shall memorialize and document

18   all original media imaged by a photographic record and a written chain of custody.

19             (7)    The Forensic Examiner shall document the preservation

20   process performed, for all original media, in an appropriate record.

21             (8)    The Forensic Examiner shall verify all forensic images by

22   matching acquisition and verification MD5 hash values, or by utilizing another

23   agreed upon equivalent process.

24             (9)    All forensic images made by the Forensic Examiner shall

25   be stored on dedicated media that is documented by a written chain of custody.

26   These images will be designated as "Master" copies.

27             (10)   The Forensic Examiner shall deposit all media that

28   contain Master forensic images in a safety deposit box.

(11)   No one shall search, review, or perform any other processes on the forensic images created by the Forensic Examiner unless and until permitted to do so by an order of the Magistrate Judge or District Court Judge.

(12)   The party conducting the forensic imaging of the opposing parties' electronic data shall bear the costs of such imaging and charges by the Forensic Examiner related thereto, subject to any later determination by the court as to cost allocation either provided by law, equity, or agreement of the parties.

(B) **General Protocol for *Production* of Electronic Data**

The following general protocol applies to *production* of electronic data from forensic images:

(1)   Any identification or production of material shall be done by the Forensic Examiner only at the direct request of counsel for the party that hired the Forensic Examiner ("hiring party"), which request shall only be made as allowed under this Order, or as allowed by future order of this court.  In identifying material for production pursuant to request of counsel, the Forensic Examiner shall utilize search criteria or other methodology reasonably calculated to exclude from identification and production, material that constitutes communications between attorney and client.

(2)   The Forensic Examiner's analysis or production of data shall be carried out using a verified accurate copy of the "Master" forensic image made on separate electronic media and designated as a "Secondary" copy.  The "Secondary" copy shall be documented in an evidence inventory and shall be stored in an evidence locker with controlled access.

(3)   Any material produced by the Forensic Examiner shall be provided directly to counsel for the party whose electronic data was imaged by the Forensic Examiner ("opposing counsel") in an unmodifiable form such as on CDs or DVDs.  The Forensic Examiner shall provide to opposing counsel a separate

1   "material inventory" listing all produced material.  The Forensic Examiner shall

2   notify hiring party's counsel that material was produced to opposing counsel, but

3   shall not provide to hiring counsel a copy of the material or the material inventory

4   at this stage.

5           (4)    Opposing counsel shall review all produced material for

6   privilege or other objections, and/or confidentiality designations pursuant to the

7   Protective Order.  Opposing counsel then shall list material designated as

8   "Privileged" or otherwise objected to, in a Privilege and Objections Log.  Opposing

9   counsel shall then note on the material inventory all material for which a claim of

10  privilege or other objection is asserted, and also, shall note any material designated

11  "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the Protective

12  Order.

13          (5)    When the privilege-confidentiality review is completed,

14  opposing counsel shall notify hiring party's counsel and the Forensic Examiner.

15  Opposing counsel shall provide a copy of the material inventory, including any

16  privilege designations and confidentiality designations, to the Forensic Examiner.

17          (6)    The Forensic Examiner then will produce all material on

18  the material inventory that is not designated as privileged to hiring party's counsel.

19  The material shall be produced in an unmodifiable form such as on CDs or DVDs.

20  The Forensic Examiner also shall produce an inventory of all material produced to

21  hiring party's counsel, and shall provided copies of that "produced material

22  inventory" to both hiring counsel and opposing counsel.  The Forensic Examiner's

23  "produced material inventory" shall identify objections not based on privilege, and

24  shall identify all confidentiality designations made by opposing party.

25          (7)    During the course of analysis and production of data,

26  preparing CDs or DVDs, and preparing material inventories, the Forensic Examiner

27  shall refrain from examining or reviewing the substance of any material that

28  appears to be privileged (such as communications between attorney and client).

1  Any observations, facts or substantive information in privileged communications

2  inadvertently seen by the Forensic Examiner during the course of the performing

3  the work herein shall not be mentioned or disclosed, directly or indirectly, in any

4  fashion, to the hiring party or hiring party's attorney. If it is determined that the

5  Forensic Examiner disclosed information in privileged communications, the party

6  affected thereby shall be entitled to immediately bring the matter to the attention of

7  the court, with the court determining the appropriate remedy, which may include

8  monetary sanctions, issue or claim sanctions, disqualification of counsel, or other

9  relief the court, in its discretion, deems appropriate under the circumstances.

10      4.   **Initial Order Concerning *Preservation* of Electronic Data.**   For

11  preservation purposes, each party shall submit for imaging its electronic storage

12  devices and data, as follows:

13          (A)   By October 10, 2007, each party's counsel shall:

14              (1)   serve notice on opposing counsel of a particular date,

15  time, and place for imaging of its electronic media, which date, place and time shall

16  be within two weeks of the date the notice is served;

17              (2)   serve upon opposing counsel a list of original media (such

18  as computers, hard drives, removable storage media like flash drives, diskettes,

19  floppy disks, CDs, back-up tapes, etc.) containing or potentially containing

20  electronic data relevant to or reasonably likely to lead to the discovery of

21  admissible evidence in light of the claims and defenses as framed by the pleadings

22  and papers submitted in connection with plaintiffs' expedited discovery motion;

23          (B)   Upon receipt of such notice and list of original media to be

24  preserved, each counsel shall confirm in writing to opposing counsel that its client

25  intends to proceed with forensic imaging on the noticed date, and shall identify the

26  Forensic Examiner to perform the preservation, and provide a statement verifying

27  the Forensic Examiner's qualifications and training in forensic data preservation,

28  and verifying that the Forensic Examiner has agreed to abide by this Order and the

1    last version of RDHS, version 4; and

2              (4)    All correspondence, agreements or communications with

3    customers or potential customers regarding sales, leases, licenses or customer

4    support for OmniPro Tradesman, or any other construction-related software

5    products of BERKELEY or OMNI LOGIX.

6              (B)    Forensic Examiner Search and Production of Electronic Data.

7         The hiring party of a Forensic Examiner shall initially be allowed to request

8    that the Forensic Examiner search forensic images of the opposing party's

9    electronic storage media and electronic data using search criteria aimed at returning

10   material falling within the categories stated in "Scope of Electronic Data

11   Production." Before the search is conducted by the Forensic Examiner, the hiring

12   party shall provide a list to opposing counsel of search terms or other search criteria

13   or methods to be used to return results consistent with the "Scope of Electronic

14   Data Production." Within 2 business days of receipt of the search term/criteria list,

15   opposing counsel shall provide to the Forensic Examiner a list of attorney and

16   client names to facilitate the Forensic Examiner's obligation to utilize search

17   criteria or other methodology reasonably calculated to exclude from identification

18   and production, material that constitutes communications between attorney and

19   client. If no list of attorney and client names is supplied by opposing counsel

20   within 2 business days to the Forensic Examiner, as a default provision, the

21   Forensic Examiner shall utilize the names of attorneys and their respective clients

22   as identified in the Complaint and Answer filed in this case. Any disputes

23   concerning the search terms, criteria, or methods shall be resolved through meet

24   and confer among counsel or if necessary, by telephonic hearing with the

25   Magistrate Judge.

26              (C)    Once search terms and/or methods are agreed upon, or approved

27   by the Magistrate Judge (in the event of a dispute), the Forensic Examiner shall

28   perform the searches and employ such methods as the parties have agreed or the

1    Protective Order;

2         (C)   If a party receives from opposing counsel written confirmation

3    of forensic imaging and the required statement of Forensic Examiner qualifications

4    and agreement to abide by this Order and the Protective Order, the party shall

5    produce its electronic media for imaging to the Forensic Examiner on the noticed

6    date.

7         (D)   The Forensic Examiner shall then follow the procedures set

8    forth in the General Protocol for *Preservation* of Electronic Data.

9        5.   **Initial Order Concerning *Production* of Electronic Data.**

10        (A)   <u>Scope of Electronic Data Production.</u>   Without prejudice to

11   either side moving to later expand or narrow the scope of discovery, the following

12   areas shall be deemed the appropriate scope for searches and production of

13   electronic data imaged by Forensic Examiners:

14           (1)   All copies of the software and databases at issue in this

15   case, and all versions and updates of each, including without limitation all versions

16   of plaintiff's original copyrighted software from 1985, the DOS-based software

17   called "Swinger" from the late 1980's and early 1990's time frame, the software at

18   issue in this case programmed by Randall Berkeley and/or Omni Logix from 1994

19   through the last version of RDHS, version 4, and all versions of the OmniPro

20   Tradesman program, and including all program specifications, marketing

21   requirements, bugs and bug fixes, enhancements and proposed enhancements and

22   all notes, logs and communications related thereto.

23           (2)   All correspondence, agreements or other communication

24   by, from, or among Randall Berkeley, Charles Hershey, and Albert Hershey.

25           (3)   All correspondence, agreements or communications with

26   customers or potential customers including but not limited to Guy Evans, Inc.,

27   regarding sales, leases, licenses, or customer support for the software at issue in this

28   case programmed by Randall Berkeley and/or Omni Logix from 1994 through the

1    court has ordered.  The Forensic Examiner shall then follow the General Protocol

2    for Production of Electronic Data.

3         6.     **Order Regarding Plaintiffs' Document Requests 2-14.**

4         Unless another date is otherwise agreed to by the parties, by October 23,

5    2007, defendants BERKELEY and OMNI LOGIX shall serve a written response,

6    under Rule 34, and produce for inspection and copying either at the law offices of

7    Duckor Spradling Metzger & Wynne, or alternatively, at defendants' premises, all

8    writings and items responsive to Request for Production Nos. 2 through 14 (within

9    Exhibit 2 to the moving Declaration of Douglas Lytle).

10        Defendants shall have a reciprocal right to serve a demand for plaintiffs to

11    produce documents, to which plaintiffs shall respond within 15 days, if served

12    personally, by fax or by email, or within 18 days, if the demand is served by regular

13    mail.  If the fifteenth or eighteen day lands on a holiday or weekend, the response

14    date shall be extended to the next business day.

15         7.     **Order Regarding Deposition of Defendant BERKELEY.**

16        Unless another date is agreed to between the parties, the deposition of

17    defendant RANDALL J. BERKELEY shall take place on a mutually convenient

18    date that is within 3 weeks of the date this Order is signed, unless the parties agree

19    otherwise.  Such deposition shall occur at the law offices of Duckor Spradling

20    Metzger & Wynne, 78-000 Fred Waring Drive, Suite 102, Palm Desert, CA 92211,

21    unless the parties agree to a different place.

22         8.     **Order Regarding Third Party Subpoena to Guy Evans, Inc.**

23        Plaintiffs may serve a records and testimony deposition subpoena upon third

24    party Guy Evans, Inc., setting the date for the records production and deposition on

25        ///

26        ///

27        ///

28        ///

1  a date that is twenty (20) or more days after service of the subpoena upon Guy

2  Evans, Inc.

3      **IT IS SO ORDERED.**

4  DATED: _10 / 7 ___, 2007

5

6      JOHN C. RAYBURN, JR.

7      United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28