```
                                    Priority  ✓
                   LODGED            Send     ✓
                                     Enter
                                     Closed
                                     JS-5/JS-6
              2007 OCT -2 PM 3:27    JS-2/JS-3
                                     Scan Only
```

LODGED 2007 OCT -2 PM 3:27

OCT 10 2007

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ALBERT HERSHEY, an individual, and DOOR CONSULTANTS SOFTWARE LLC, a Delaware limited liability company dba RDHS 101,<br><br>Plaintiffs,<br><br>v.<br><br>RANDALL J. BERKELEY, an individual; OMNI LOGIX, a California corporation; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.: ED CV 07-000689 VAP (JCRx)<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION TO BE PRODUCED DURING DISCOVERY**<br><br>(see modifications on pages 2 + 7) |

The motion of plaintiffs ALBERT HERSHEY, an individual, and DOOR CONSULTANTS SOFTWARE LLC, a Delaware limited liability company dba RDHS 101, for an order permitting expedited discovery in the form of a request for production and, third party deposition, and deposition of defendant Randall J. Berkeley, came on regularly for hearing on September 5, 2007, at 9:30 am, in Courtroom 4 of the above-entitled court, before Magistrate Judge John C. Rayburn, with Douglas W. Lytle, Esq. of Duckor Spradling Metzger & Wynne appearing on

behalf of plaintiffs, and James T. Bentson, Esq. of the Law Offices of James T. Bentson appearing on behalf of defendants RANDALL J. BERKELEY and OMNI LOGIX, a California corporation;

At the hearing on September 5, 2007, Magistrate John C. Rayburn Jr. directed the parties to meet and confer concerning a protective order, and ordered that the parties either submit a joint proposed Order by September 18, 2007, or submit competing Orders for the court's use in fashioning its own Order;

At a follow up hearing on September 26, 2007, Magistrate John C. Rayburn Jr. directed the parties to meet and confer concerning the language of the protective order and expedited discovery, and jointly submit stipulated orders, or file separate position papers by October 2, 2007;

After reviewing all moving and opposing papers and declarations, and having considered the parties arguments, and proposed Orders;

**IT IS HEREBY ORDERED THAT** the parties shall utilize the following procedures concerning production and use of confidential information during discovery in this proceeding:

## BASIS FOR PROTECTIVE ORDER

Information disclosed by any party or non-party witness during discovery in this proceeding may be considered confidential, a trade secret, or commercially sensitive by a party or witness. This Order is intended to preserve the confidentiality of the information so disclosed during discovery, subject to later orders by the court concerning the use of such information at trial, and after trial. As used in this order, the term "information" covers both oral testimony and documentary material.

## TERMS

**1) Classes of Protected Information.** The terms of this order are not to be used to undermine public access to court files. When appropriate, however, a party or witness, on its own or through its attorney, may seek to protect the confidentiality of information by designating such materials as follows:

(a) **"Confidential"** for material to be shielded by court order from public access; or

(b) **"Confidential - Counsel's Eyes Only"** for material to be shielded by the court from public access, restricted from any access by the parties, and available for review by counsel for the parties and, subject to the provisions of paragraph 4 and 5, by independent experts or consultants for the parties.

2) **Information Not to Be Designated as Protected.** Information may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

3) **Access to Protected Information.** Court reporters, stenographers, video technicians or others who may be employed by the parties or their attorneys to perform services incidental to this proceeding will be bound only to the extent that the parties or their attorneys make it a condition of employment or obtain agreements from such individuals, in accordance with the provisions of paragraph 4. Parties are defined as including individuals, officers of corporations, partners of partnerships, and management employees of any type of business organization. Attorneys for parties are defined as including counsel, including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction. Independent experts or consultants include individuals

retained by a party for purposes related to prosecution or defense of the proceeding but who are not otherwise employees of either the party or its attorneys. Non-party witnesses include any individuals to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness. Parties and their attorneys shall have access to information designated as confidential. Counsel shall have access to information designated as Confidential - Counsel's Eyes Only. Independent experts or consultants, non-party witnesses, and any other individual not otherwise specifically covered by the terms of this order may be afforded access to Confidential information, but not Confidential - Counsel's Eyes Only information, in accordance with the terms that follow in paragraph 4. Independent experts or consultants may have access to Confidential - Counsel's Eyes Only information if such access is agreed to by the parties or ordered by the court in accordance with the terms that follow in paragraphs 4 and 5.

4) **Disclosure to Any Individual.**  Prior to disclosure of protected information by any party or its attorney to any individual not already provided access to such information by the terms of this order, the individual shall be informed of the existence of this order and provided with a copy to read. The individual will then be required to certify in writing that the order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the signed certification from the individual, unless, in the case of a document, the individual is identified as the author or recipient of the document and actually authored or received the document. The party or attorney receiving the certification shall retain the original.

5) **Disclosure to Independent Experts or Consultants.**  In addition to meeting the requirements of paragraph 4, any party or attorney proposing to share disclosed material designated Confidential - Counsel's Eyes Only with an independent expert or consultant must also notify the party which designated the

information as protected. Notification must be personally served, faxed or forwarded by mail with proof of service, and shall provide notice of the name, address, occupation and professional background of the expert or independent consultant. The party or its attorney receiving the notice shall have ten (10) business days to object to disclosure to the expert or independent consultant. If no objection is made, then the Confidential – Counsel's Eyes Only may be shown to the independent expert or consultant who has agreed to be bound by the confidentiality terms of this order. If objection is made, then the parties must negotiate the issue before raising the issue before the court. If the parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the court with an explanation of the need for disclosure and a report on the efforts the parties have made to settle their dispute. The party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived.

6) **Responses to Written Discovery.** Responses to interrogatories under Federal Rule 33 and requests for admissions under Federal Rule 36 and any other written discovery disclosures or responses that the responding party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation from paragraph 1. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the court only if necessary because of the filing of protected information not in accordance with the provisions of paragraph 10.

7) **Production of Documents.** If a party, in its initial disclosures, or in response to requests for production under Federal Rule 34, makes copies and forwards the copies to the inquiring party, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation from paragraph 1. If the responding party makes documents available for inspection and copying

1  by the inquiring party, all documents shall be considered protected during the
2  course of inspection. After the inquiring party informs the responding party what
3  documents are to be copied, the responding party will be responsible for
4  prominently stamping or marking the copies with the appropriate designation from
5  paragraph 1. Any inadvertent disclosure without appropriate designation shall be
6  remedied as soon as the disclosing party learns of its error, by informing all adverse
7  parties, in writing, of the error. The parties should inform the court only if
8  necessary because of the filing of protected information not in accordance with the
9  provisions of paragraph 10.

10  **8) Depositions.** Protected documents produced during a discovery
11  deposition shall be orally noted as such by the producing or offering party at the
12  outset of any discussion of the document or information contained in the document.
13  In addition, the documents must be prominently stamped or marked with the
14  appropriate designation. During discussion of any non-documentary protected
15  information, the interested party shall make oral note of the protected nature of the
16  information. The transcript of any deposition and all exhibits or attachments shall
17  be considered protected for 30 days following the date of service of the transcript
18  by the party that took the deposition. During that 30-day period, either party may
19  designate the portions of the transcript, and any specific exhibits or attachments that
20  are to be treated as protected, by electing the appropriate designation from
21  paragraph 1. Appropriate stampings or markings should be made during this time,
22  and provided to opposing counsel. If no such designations are made, then the entire
23  transcript and exhibits will be considered unprotected, unless the parties have
24  agreed or the court orders otherwise.

25  **9) Handling of Protected Information.** Disclosure of information
26  protected under the terms of this order is intended only to facilitate the prosecution
27  or defense of this case. The recipient of any protected information disclosed in
28  accordance with the terms of this order is obligated to maintain the confidentiality

of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

**10) Redaction; Filing Protected Material With the Court.** When filing briefs, memoranda, or declarations in support of a motion, or any other submission to the court, the portions of these filings that discuss protected information, whether information of the filing party, or any adverse party, or any non-party witness, must be redacted if inconsequential to the motion or filing, or alternatively, such motions, pursuant to local Rule briefs, and other court submissions must be filed under seal. A rule of reasonableness dictates how redaction is effected. Redaction can entail merely covering a portion of a page of material when it is copied in anticipation of filing but can also entail the more extreme measure of filing the entire page or the entire motion or submission under seal as one that contains primarily confidential material. If only a sentence or short paragraph of a page of material is confidential, covering that material when the page is copied would be appropriate. In contrast, if most of the material on the page is confidential, then filing the entire page under seal would be more reasonable, even if some small quantity of non-confidential material is then withheld from the public record. Likewise, when a multi-page document is in issue, reasonableness would dictate that redaction of the portions or pages containing confidential material be affected when only some small number of pages contains such material. In contrast, if almost every page of the document contains some confidential material, it may be more reasonable to simply submit the entire document under seal. Protected information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be filed with the court under seal. The envelopes or containers shall be prominently stamped or marked with a legend in substantially the following form:

**CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____**

This envelope contains documents or information that are subject to a protective order or agreement. The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except the court.

This order is subject to public policy, and further court order in which the court may modify this protective order *sua sponte* in the interests of justice. Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

**11) Acceptance of Information; Inadvertent Disclosure.** Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information, which the disclosing party intended to designate as protected, shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

**12) Challenges to Designations of Information as Protected.** If the parties or their attorneys disagree as to whether certain information should be protected or should be protected under a particular designation, they are obligated to negotiate in good faith regarding the designation by the disclosing party. If the parties are unable to resolve their differences, the party challenging the designation may make a motion before the court seeking a determination of the status of the information. A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known. When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time. The party

designating information as protected will, when its designation is timely challenged, bear the ultimate burden of proving that the information should be protected or protected under a particular designation. All motions, briefs, memoranda, declarations or other materials submitted in support of a motion to challenge designations shall be filed under seal, marked with a legend, as described in paragraph 10.

**13) Court's Jurisdiction; Handling of Materials After Termination.** Within 30 days after the final termination of this proceeding, the parties shall return to each disclosing party the protected information disclosed during the proceeding, and shall include any briefs, memoranda, summaries, and the like, which discuss or in any way refer to such information, provided, however, that the attorneys may retain a single copy of such information for archival purposes only. In the alternative, the disclosing party or its attorney may make a written request that such materials be destroyed rather than returned.

**14) Other Rights of the Parties and Attorneys.** This order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery. Nor shall the order preclude the filing of any motion with the court for relief from a particular provision of this order or for additional protections not provided by this order.

**IT IS SO ORDERED.**

DATED: 10/7/07

JOHN C. RAYBURN, JR.
UNITED STATES MAGISTRATE JUDGE