1

2

3                                                          O

4

5

6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  ALBERT HERSHEY, an        )   Case No. EDCV 07-689-VAP
    individual, and DOOR      )   (JCRx)
12  CONSULTANTS SOFTWARE      )
    LLC, a Delaware limited   )   **[Motion filed on September**
13  liability company dba     )   **23, 2008]**
    RDHS 101,                 )
14                            )   **ORDER GRANTING MOTION TO**
                Plaintiff,    )   **WITHDRAW AS COUNSEL FOR**
15                            )   **PLAINTIFFS**
        v.                    )
16                            )
    RANDALL J. BERKELEY, an   )
17  individual; OMNI LOGIX,   )
    a California              )
18  corporation; and DOES 1-  )
    20, inclusive,            )
19                            )
                Defendants.   )
20  _____ )

21

22      The Court has received and considered all papers

23  filed in support of "Attorneys Lytle, Wynne and Law Firm

24  Duckor Spradling Metzger & Wynne for Leave to Withdraw as

25  Counsel for Plaintiffs" ("Motion").  This Motion is

26  appropriate for resolution without hearing.  See Fed. R.

27  Civ. P. 78; Local Rule 7-15.  The hearing set on October

28  27, 2008 at 10:00 a.m. is VACATED.  For the reasons set

    forth below, the Court GRANTS the Motion.

1

# I. BACKGROUND

2     Plaintiffs Albert Hershey and Door Consultants
3 Software LLC filed a Complaint ("Compl.") against
4 Defendants Randall J. Berkeley and Omni Logix on June 7,
5 2007.  Plaintiffs allege the following claims: (1)
6 Copyright Infringement (Copying of the Program); (2)
7 Copyright Infringement (Unauthorized Creation of
8 Derivative Works); (3) Copyright Infringement
9 (Unauthorized Distribution); (4) Copyright Infringement
10 (Copying and Display for Sale Purposes); (5) Contributory
11 Copyright Infringement (Liability of Officers and
12 Employees); (6) Lanham Act Violations; (7) Violation of
13 California Business and Professions Code § 17200; (8)
14 Common-Law Unfair Competition; (9) Breach of Contract;
15 (10) Misappropriation of Trade Secrets; (11) Intentional
16 Interference with Prospective Economic Advantage; (12)
17 Negligent Interference with Prospective Economic
18 Advantage; (13) Unjust Enrichment/Restitution; and, (14)
19 Accounting.

20

21     On September 23, 2008, Plaintiffs' counsel Douglas W.
22 Lytle, John C. Wynne, and their law firm Duckor Spradling
23 Metzger & Wynne filed a Motion to Withdraw as Counsel for
24 Plaintiffs ("Motion").  The Motion is unopposed by
25 Defendants.
26 ///
27 ///
28

**II. LEGAL STANDARD**

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court."  Local Rule 83-2.9.2.1; see also Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  "An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action."  Local Rule 83-2.9.2.1.  Where withdrawal of counsel will cause "delay in prosecution of the case to completion," the moving party must show "good cause" and that "the ends of justice require" withdrawal.  Local Rule 83-2.9.2.4.

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."  Kassab v. San Diego Police Dep't, No. 07cv1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citing Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982)).

**III. DISCUSSION**

In their Motion, Plaintiffs' counsel paint a clear picture of a stymied attorney-client relationship with the Plaintiffs in this case.  Counsel state their clients Albert Hershey and Door Consultants Software LLC, Software LLC dba RDHA 101 LLC have ceased all communications with them and will not respond to any of

their attempts to communicate, whether by telephone

calls, electronic mail ("emails"), or written letters

sent by Federal Express from June 17, 2008 to the

present.  (See Lytle Decl. at ¶ 3.)

     The Court finds the Plaintiffs' failure to

communicate with their attorneys constitutes good cause

for the attorneys to seek withdrawal from representing

the clients.  See Cal. R. Prof. Conduct 3-700(C)(1)(d)

(permissive withdrawal allowed when client's conduct

"renders it unreasonably difficult for the member to

carry out the employment effectively.")  The Plaintiffs'

non-responsiveness has rendered it nearly impossible for

Plaintiffs' counsel to proceed with the prosecution of

this action.  Plaintiffs' failure to communicate with

their counsel has created a complete breakdown in the

attorney-client relationship.  This breakdown constitutes

good cause for Plaintiffs' counsel to withdraw from this

case.

     The Motion complies with the notice requirements of

the Local Rules of the Central District of California.

In the Declaration of Douglas W. Lytle, Mr. Lytle

testifies that he sent written notice by facsimile and a

mailed letter to Plaintiffs regarding their need to

retain new counsel in order to continue prosecuting this

case.  (See Lytle Decl. ¶ 4.)  This satisfies Local Rule

4

83-2.9.2.3.   Mr. Lytle sent the written notice to
Plaintiff Albert Hershey's residential address.   This
satisfies Local Rule 83-2.9.2.1.

    The Motion provides legally sufficient notice and
good cause for withdrawal.

### IV. CONCLUSION

    For the foregoing reasons, the Court grants Attorneys
Lytle, Wynne, and the Law Firm Duckor Spradling Metzger &
Wynne's Motion for Leave to Withdraw as Counsel for
Plaintiffs Albert Hershey and Door Consultants Software
LLC dba RDHA 101 LLC.


Dated:   __October 24, 2008__      _____
                                     VIRGINIA A. PHILLIPS
                                 United States District Judge