O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HERSHEY, an individual, and DOOR CONSULTANTS SOFTWARE LLC, a Delaware limited liability company dba RDHS 101,<br><br>        Plaintiff,<br><br>   v.<br><br>RANDALL J. BERKELEY, an individual; OMNI LOGIX, a California corporation; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. EDCV 07-689-VAP (JCRx)<br><br>**[Motion filed on September 23, 2008]**<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS** |

    The Court has received and considered all papers filed in support of "Attorneys Lytle, Wynne and Law Firm Duckor Spradling Metzger & Wynne for Leave to Withdraw as Counsel for Plaintiffs" ("Motion").  This Motion is appropriate for resolution without hearing.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set on October 27, 2008 at 10:00 a.m. is VACATED.  For the reasons set forth below, the Court GRANTS the Motion.

**I. BACKGROUND**

Plaintiffs Albert Hershey and Door Consultants Software LLC filed a Complaint ("Compl.") against Defendants Randall J. Berkeley and Omni Logix on June 7, 2007. Plaintiffs allege the following claims: (1) Copyright Infringement (Copying of the Program); (2) Copyright Infringement (Unauthorized Creation of Derivative Works); (3) Copyright Infringement (Unauthorized Distribution); (4) Copyright Infringement (Copying and Display for Sale Purposes); (5) Contributory Copyright Infringement (Liability of Officers and Employees); (6) Lanham Act Violations; (7) Violation of California Business and Professions Code § 17200; (8) Common-Law Unfair Competition; (9) Breach of Contract; (10) Misappropriation of Trade Secrets; (11) Intentional Interference with Prospective Economic Advantage; (12) Negligent Interference with Prospective Economic Advantage; (13) Unjust Enrichment/Restitution; and, (14) Accounting.

On September 23, 2008, Plaintiffs' counsel Douglas W. Lytle, John C. Wynne, and their law firm Duckor Spradling Metzger & Wynne filed a Motion to Withdraw as Counsel for Plaintiffs ("Motion"). The Motion is unopposed by Defendants.

///
///

## II. LEGAL STANDARD

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." Local Rule 83-2.9.2.1; see also Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Local Rule 83-2.9.2.1. Where withdrawal of counsel will cause "delay in prosecution of the case to completion," the moving party must show "good cause" and that "the ends of justice require" withdrawal. Local Rule 83-2.9.2.4.

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Kassab v. San Diego Police Dep't, No. 07cv1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citing Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982)).

## III. DISCUSSION

In their Motion, Plaintiffs' counsel paint a clear picture of a stymied attorney-client relationship with the Plaintiffs in this case. Counsel state their clients Albert Hershey and Door Consultants Software LLC, Software LLC dba RDHA 101 LLC have ceased all communications with them and will not respond to any of

their attempts to communicate, whether by telephone calls, electronic mail ("emails"), or written letters sent by Federal Express from June 17, 2008 to the present.  (See Lytle Decl. at ¶ 3.)

The Court finds the Plaintiffs' failure to communicate with their attorneys constitutes good cause for the attorneys to seek withdrawal from representing the clients.  See Cal. R. Prof. Conduct 3-700(C)(1)(d) (permissive withdrawal allowed when client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively.")  The Plaintiffs' non-responsiveness has rendered it nearly impossible for Plaintiffs' counsel to proceed with the prosecution of this action.  Plaintiffs' failure to communicate with their counsel has created a complete breakdown in the attorney-client relationship.  This breakdown constitutes good cause for Plaintiffs' counsel to withdraw from this case.

The Motion complies with the notice requirements of the Local Rules of the Central District of California. In the Declaration of Douglas W. Lytle, Mr. Lytle testifies that he sent written notice by facsimile and a mailed letter to Plaintiffs regarding their need to retain new counsel in order to continue prosecuting this case.  (See Lytle Decl. ¶ 4.)  This satisfies Local Rule

```
 1 │ 83-2.9.2.3.  Mr. Lytle sent the written notice to
 2 │ Plaintiff Albert Hershey's residential address.  This
 3 │ satisfies Local Rule 83-2.9.2.1.
 4 │
 5 │     The Motion provides legally sufficient notice and
 6 │ good cause for withdrawal.
 7 │
 8 │                       IV. CONCLUSION
 9 │     For the foregoing reasons, the Court grants Attorneys
10 │ Lytle, Wynne, and the Law Firm Duckor Spradling Metzger &
11 │ Wynne's Motion for Leave to Withdraw as Counsel for
12 │ Plaintiffs Albert Hershey and Door Consultants Software
13 │ LLC dba RDHA 101 LLC.
```

Dated:  October 24, 2008         /s/ Virginia A. Phillips
                                 VIRGINIA A. PHILLIPS
                                 United States District Judge